UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
DANTE MORRIS,

                                **TRANSFER ORDER**

                Petitioner,

    -against-

                                10-CV-1305 (CBA)

UNITED STATES OF AMERICA,

                Respondent.
------------------------------------------------------------x
AMON, United States District Judge.

On March 16, 2010, *pro se* litigant Dante Morris, who is currently incarcerated at the Federal Correctional Institution in Fort Dix, New Jersey,[1] filed the instant petition entitled "Peremtory [*sic*] Writ of Mandamus." This Court does not have jurisdiction over the matter; accordingly it is hereby transferred to the United States District Court for the Eastern District of Pennsylvania.

The submission alleges a series of wrongs involving Morris's experiences in the federal courts and the Bureau of Prisons ("BOP"). It is not clear whether he means to challenge the fact or conditions of his confinement, via a petition for habeas corpus pursuant to 28 U.S.C. § 2255 or 28 U.S.C. § 2241, or whether he alleges a violation of his civil rights pursuant to 42 U.S.C. § 1983. Morris appears to challenge a 2004 conviction entered in the Eastern District of Pennsylvania, or, perhaps, a recent decision in that court revoking his supervised release. See United States v. Morris, 99cr601-ER (E.D.Pa.). He also alleges false arrest and prosecution, mistreatment at the hands of corrections officers, loss of property, inadequate access to showers, frequent transfers by the BOP, and a broken tooth.

---

[1] At the time he filed this petition, Morris was confined at the Metropolitan Detention Center in Brooklyn, New York.

While much of Morris's petition is difficult to decipher, what is clear is that this Court lacks jurisdiction to consider any of these claims. Morris's custodian is located outside of this judicial district, and all of the challenged activity took place outside of this district. A prisoner challenging his federal custody pursuant to 28 U.S.C. § 2255 must file in the court which imposed the sentence. See 28 U.S.C. § 2255(a). A petition for a writ of habeas corpus challenging the conditions or other incidents of confinement must be filed in the district having jurisdiction over the custodian of the incarcerated person. See 28 U.S.C. § 2241(a); Braden v. 30th Judicial Cir. Ct. of Kentucky, 410 U.S. 484, 495 (1973) ("Read literally, the language of § 2241(a) requires nothing more than that the court issuing the writ have jurisdiction over the custodian."). To the extent that Morris seeks to file a civil rights action, the venue provision governing federal question jurisdiction provides that a civil action must be filed in the judicial district where a substantial part of the events or omissions giving rise to the claim occurred or where any defendant resides. See 28 U.S.C. § 1391(b).

Morris was convicted in the United States District Court for the Eastern District of Pennsylvania. As the gravamen of his submission appears to be his challenge to that conviction, this Court hereby transfers the petition to that court. See 28 U.S.C. § 1406(a) (district court may transfer case filed in the wrong district to any district in which it could have been brought).

A decision on petitioner's eligibility to proceed *in forma pauperis* and a determination of the exact nature of this suit are reserved for the transferee court. This Court offers no opinion on the merits of petitioner's claims. That provision of Rule 83.1 of the Local Rules of the Eastern District of New York which requires a five-day delay is waived. Upon the transfer of the case, the Clerk of Court is to mark this case closed.

SO ORDERED.

/S/
CAROL B. AMON
United States District Judge

Dated: Brooklyn, New York
April 30, 2010